NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ABDUL GHAFFAR MIRZADA, AKA
Abdul Mirzada,

          Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

          Respondent.

No. 19-70812

Agency No. A072-083-392

MEMORANDUM[*]

Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2020[**]
San Francisco, California

Before: WALLACE and R. NELSON, Circuit Judges, and BLOCK,[***] District Judge.

Abdul Ghaffar Mirzada ("Mirzada") petitions for review of the Board of

Immigration Appeals ("BIA") order denying his application for deferral of removal

under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

8 U.S.C. § 1252 and review the BIA's denial of CAT relief for substantial evidence—upholding its determination unless "compelled to conclude to the contrary" by the record. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We find the BIA's denial is supported by substantial evidence and deny Mirzada's petition for review.

To be eligible for deferral of removal under CAT, Mirzada must show that it is "more likely than not" he would be tortured by or with the acquiescence of Pakistan governmental officials if returned to that country. *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir. 2004); 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1), (7). He maintains, specifically, that CAT-relief is appropriate as both his renunciation of Islam and his tattoos—especially a tattoo of the word "Allah" across his chest—make him a target for "punishment and torture under Pakistan's blasphemy laws." Pet'r Br. at 10, 19. Both the BIA and Immigration Judge ("IJ") denied Mirzada's application on the basis that he failed to establish non-practicing Muslims and/or individuals with tattoos were at a particular risk of torture in Pakistan, either directly at the hands of the government via prosecution under its blasphemy laws, or else extrajudicially at the instigation or with the acquiescence of public officials. *See* 8 U.S.C. § 1229a(c)(4)(B) (evidence of risk must be "credible," "persuasive, and refer[] to specific facts").

Nothing in the record compels a contrary conclusion. Mirzada has not

identified any instance of persons similarly situated to him—tattooed, non-practicing Muslims—being singled-out for torture in Pakistan. He conceded in testimony before the IJ that he had not been to Pakistan in decades, lacked personal knowledge of that country's current culture, and knew of no instance where someone with tattoos was tortured in Pakistan for *any* reason whatsoever. Finally, he does not dispute the record evidence showing that tattoo parlors are common across major Pakistan cities; that tattooed individuals show their tattoos on social media and in public without apparent retribution; and that 3 to 10 million non-Muslims reside in Pakistan unmolested. *See, e.g.*, *Pakistanis Flock to Tattoo Parlours*, BBC News (Feb. 17, 2012); Sparkle Ink Tattoos (Lahore), Ink Grail Tattoos (Islamabad), Devil's Art (Karachi), Facebook (Sept. 14, 2018); Bureau of Democracy, Human Rights, and Labor, U.S. Dep't of State, *Pakistan 2017 International Religious Freedom Report* (May 29, 2018).

In sum, the record supports the BIA's determination that Mirzada failed to establish non-Muslims and/or those with tattoos are at risk of torture in Pakistan. Because we deny Mirzada's petition for review, we deny as moot his motion for a stay of removal pending appeal. The temporary stay of removal remains in effect until the issuance of the mandate or further order of the court. 9th Cir. G.O. 6.4(c).

**PETITION FOR REVIEW and MOTION FOR STAY OF REMOVAL PENDING APPEAL DENIED.**